Joseph Jiudice, J.
This is a motion by the above-named defendants for an order dismissing the indictment for want of prosecution, pursuant to section 668 of the Code of Criminal Procedure. The record shows that the defendants were jointly indicted on December 21,1965, and were arraigned on January 7, 1966. The defendants, subsequent to the time of their arraignment, made two motions which were denied by this court. On March 30, 1966, the case was marked ready and passed for trial and assigned to take its place on the Trial Calendar. Subsequently, the defendants were taken to Ulster County pursuant to an order of that court to answer charges and they were subsequently returned to Dutchess County. The defendants now claim that their constitutional rights have been violated in the failure of the District Attorney to bring the defendants to trial and permitting their removal from Dutchess County to Ulster County where another indictment was pending.
This court knows of no prohibition in the Code of Criminal Procedure which would have prevented the Ulster County Court in removing the defendants from this jurisdiction to answer charges against them in Ulster County. There was a duty placed upon the prosecution in Ulster County to bring these defendants to trial promptly, even though they were imprisoned in Dutchess County. This court feels that the purpose of returning the defendants to Ulster County was to protect their constitutional right to a speedy trial and had they not been returned to Ulster County, they could have claimed they were denied their right to a speedy trial in that jurisdiction (People v. Masselli, 11 A D 2d 722 [1960]). This court cannot come to the conclusion that substantial constitutional rights of the defendants were violated in their being taken to Ulster County to answer criminal charges imposed upon them in that jurisdiction.
The defendants’ case has been on the Trial Calendar with numerous other cases, many of which were and still are ahead of the defendants’ case. This court has been in session every day since January 1, 1966.
The record shows that the defendants have made motions and made requests for adjournments, all of which consumed much of the time spent by them in the Dutchess County Jail. *352 Defendants participated in these delays and cannot, therefore, complain (People v. Godwin, 2 A D 2d 846, affd. 2 N Y 2d 891 [1957])„
Accordingly, this motion is denied.